IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:06-CR-253-D
No. 5:12-CV-503-D

| | |
|---|---|
| ZACHARY WILLIAM SANDERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On April 17, 2012, Zachary William Sanders ("Sanders") filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582 [D.E. 55]. On August 13, 2012, Sanders filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [D.E. 57]. On February 7, 2013, Sanders filed an amended motion to vacate his sentence pursuant to 28 U.S.C. § 2255 [D.E. 60]. On June 21, 2013, the government filed a motion to dismiss Sanders's motions [D.E. 64]. As explained below, the court grants the government's motion to dismiss Sanders's section 2255 motion and denies Sanders's section 3582 motion.

On October 4, 2006, a federal grand jury sitting in the Eastern District of North Carolina charged Sanders with unlawful possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924 (count one), possession with intent to distribute cocaine base (crack), a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) (count two), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (count three) [D.E. 1].

On February 20, 2007, Sanders pleaded guilty to all three counts without a plea agreement [D.E. 21]. Before sentencing, the United States Probation Office ("USPO") prepared a Presentence

Investigation Report ("PSR"). Because Sanders had a felony conviction for a crime of violence (PSR ¶ 16) and a felony conviction for a controlled substance offense (id. ¶ 13), the USPO concluded that Sanders was a career offender pursuant to U.S.S.G. § 4B1.1(c). See PSR ¶ 45. Thus, the USPO increased Sanders's adjusted offense level in the PSR from 26 to 32. Id. ¶¶ 37–38. Sanders received a three-level reduction for acceptance of responsibility, which resulted in a final offense level of 29. Id. ¶¶ 39–40. Sanders's criminal history category was VI. Id. ¶ 19. Accordingly, his advisory guideline range on count one was 120 months (i.e., the statutory maximum), on count two was 240 months (i.e., the statutory maximum), and on count three was 262 to 327 months. See id. ¶ 45.

On January 15, 2008, the court agreed with the advisory guideline range in the PSR and sentenced Sanders to 120 months on count one, 216 months on count two (concurrent to count one), and 60 months on count three (consecutive to counts two and three). Thus, his total sentence was 276 months' imprisonment. See [D.E. 41].

Sanders filed an appeal. On December 18, 2008, the United States Court of Appeals for the Fourth Circuit affirmed Sanders's conviction and sentence, including his designation as a career offender. See United States v. Sanders, No. 08-4137, 2008 WL 5599626 (4th Cir. Dec. 19, 2008) (per curiam) (unpublished). Sanders did not file a petition for a writ of certiorari. Thus, his conviction became final in 2009. See S. Ct. R. 13; Clay v. United States, 537 U.S. 522, 527–28, 532 (2003).

In his section 2255 motion, Sanders relies on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). Specifically, he argues that he no longer is a career offender and should be resentenced. The government responds that the court should dismiss the section 2255 motion as untimely.

2

Sanders's section 2255 motion is untimely under 28 U.S.C. § 2255(f)(1). See United States v. Mathur, 685 F.3d 396, 397–98 (4th Cir. 2012). Likewise, the motion is untimely under 28 U.S.C. § 2255(f)(3). See United States v. Powell, 691 F.3d 554, 556–60 (4th Cir. 2012).[1] Furthermore, the motion is untimely under 28 U.S.C. § 2255(f)(4). See United States v. MacDonald, 641 F.3d 596, 610 n.7 (4th Cir. 2011); Lo v. Endicott, 506 F.3d 572, 575–76 (7th Cir. 2007); E.J.R.E. v. United States, 453 F.3d 1094, 1097–98 (8th Cir. 2006); see also Walker v. Martin, 131 S. Ct. 1120, 1129 (2011); Johnson v. United States, 544 U.S. 295, 308–09 (2005); Shannon v. Newland, 410 F.3d 1083, 1087–89 (9th Cir. 2005). Nothing in the record suggests that equitable tolling should apply. Cf. Holland v. Florida, 130 S. Ct. 2549, 2562–64 (2010); Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95–96 (1990); Rouse v. Lee, 339 F.3d 238, 246–47 (4th Cir. 2003) (en banc); Chao v. Va. Dep't of Transp., 291 F.3d 276, 283 (4th Cir. 2002).

Although Sanders argues that after Simmons he is no longer a career offender and should be resentenced, the alleged error in calculating Sanders's advisory guideline range is not prejudicial or a miscarriage of justice. Simply put, the alleged error cannot surmount section 2255's procedural bar where (as here) Sanders received a sentence less than the statutory maximum. See 28 U.S.C. § 2255(a); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999); United States v. Mikalajunas, 186 F.3d 490, 495–96 (4th Cir. 1999); cf. Miller, 2013 WL 4441547, at *3–5. Moreover, Sanders is not actually innocent of the predicate North Carolina convictions. Cf. United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010). Accordingly, the court dismisses Sanders's section 2255 motion.

---

[1] Miller v United States, No. 13-6254, 2013 WL 4441547 (4th Cir. Aug. 21, 2013), does not alter this conclusion. Unlike in Miller, the government has not waived the statute of limitations in 28 U.S.C. § 2255 (f)(1)–(4). Cf. id. at *1. Moreover, unlike in Miller, Sanders is not actually innocent of any of his offenses of conviction. Cf. id. at *1–5.

As for Sanders's section 3582(c)(2) motion, Sanders relies on Amendments 750 and 759 to the Guidelines. See [D.E. 55] 1. The U.S. Sentencing Commission promulgated Amendment 750 to implement the Fair Sentencing Act. See United States Sentencing Commission, Guidelines Manual, App. C, Amend. 750 (Nov. 2011) (effective Nov. 1, 2011). The three-part amendment (A, B & C) repromulgated as permanent the temporary emergency amendment in Amendment 748. See id. On June 30, 2011, the Commission promulgated Amendment 759, which added Parts A and C of Amendment 750 as amendments listed in U.S.S.G. § 1B1.10 (Reduction in Term of Imprisonment as a Result of an Amended Guideline Range) (Policy Statement). See United States Sentencing Commission, Guidelines Manual, App. C, Amend. 759 (Nov. 2011) (effective Nov. 1, 2011). When applicable, Parts A and C of Amendment 750 apply retroactively. See id. Part A contained the changes to the crack cocaine quantity levels in the Drug Quantity Table in U.S.S.G. § 2D1.1. See Amend. 750. Part C deleted the cross reference in U.S.S.G. § 2D2.1 to the Drug Quantity Table to reflect the elimination of the statutory minimum for simple possession of crack cocaine. See id. The Commission made Amendments 750 and 759 effective on November 1, 2011.

Sanders's request for relief under section 3582(c)(2) and Amendments 750 and 759 fails because Sanders's drug weight did not determine his advisory guideline range. Rather, his status as a career offender did. As such, he is not "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(2). Thus, he gets no relief under Amendments 750 and 759. See Dillon v. United States, 130 S. Ct. 2683, 2691 (2010); United States v. Hodge, 721 F.3d 1279, 1280–81 (10th Cir. 2013); United States v. Ervin, No. 13-6354, 2013 WL 3616035, at *1 (4th Cir. July 16, 2013) (per curiam) (unpublished); United States v. Leonardo, No. 12-3685-cr, 2013 WL 3596062, at *2 (2d Cir. July 16, 2013) (unpublished); United

4

States v. Barnes, No. 13-6681, 2013 WL 2996544, at *1 (4th Cir. June 18, 2013) (per curiam) (unpublished); United States v. Staton, No. 12-8101, 2013 WL 2480216, at *1 (4th Cir. June 11, 2013) (per curiam) (unpublished); United States v. Lewis, No. 13-6227, 2013 WL 1800396, at *1 (4th Cir. Apr. 30, 2013) (per curiam) (unpublished); United States v. Rogers, 513 F. App'x 129, 131 (3d Cir. 2013) (per curiam) (unpublished); United States v. Harris, 688 F.3d 950, 952–53 (8th Cir. 2012); United States v. Joulevette, 477 F. App'x 282, 283 (5th Cir. 2012) (per curiam) (unpublished); United States v. Lawson, 686 F.3d 1317, 1321 (11th Cir. 2012) (per curiam); United States v. Curet, 670 F.3d 296, 309 (1st Cir. 2012); United States v. Rashaad, No. 3:01cr195, 2012 WL 4758271, at *2 (W.D.N.C. Oct. 5, 2012) (unpublished), aff'd, 512 F. App'x 294 (4th Cir. 2013) (per curiam) (unpublished); United States v. Quarles, 889 F. Supp. 2d 783, 787–88 (E.D. Va. 2012); see also United States v. Rivera, 662 F.3d 166, 172 & n.4 (2d Cir. 2011) (collecting cases from the First, Third, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits holding that a defendant convicted of a crack-related charge but sentenced as a career offender under U.S.S.G. § 4B1.1 is not eligible for a sentence reduction under Amendment 706); United States v. Broadwater, 613 F. Supp. 2d 740, 742–45 (E.D.N.C. 2009).

Alternatively, even if the court had discretion to reduce Sanders's sentence under section 3582(c)(2) and Amendments 750 and 759, the court would decline to exercise its discretion to reduce Sanders's sentence. See, e.g., United States v. Perez, No. 13-6750, 2013 WL 3889216, at *1 (4th Cir. July 30, 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–96 (4th Cir. 2013). Having reviewed the entire record, Sanders received the sentence that was sufficient but not greater than necessary under 18 U.S.C. § 3553(a). See Perez, 2013 WL 3889216, at *1.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of Sanders's

claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. See 28 U.S.C. § 2253(c). Thus, the court denies a certificate of appealability.

In sum, the court GRANTS the government's motion to dismiss [D.E. 64] and DISMISSES Sanders's section 2255 motion [D.E. 57, 60]. The court DENIES a certificate of appealability for the claims presented in the section 2255 motion. The court DENIES Sanders's motion for a reduced sentence under section 3582(c)(2) [D.E. 55]. The clerk shall close the case.

SO ORDERED. This **13** day of September 2013.

JAMES C. DEVER III<br>
Chief United States District Judge