IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:06-CR-253-D
No. 5:12-CV-503-D
No. 5:16-CV-263-D

| | |
|---|---|
| ZACHARY WILLIAM SANDERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On April 17, 2012, Zachary William Sanders ("Sanders") moved under 18 U.S.C. § 3582 to reduce his sentence [D.E. 55]. On August 13, 2012, Sanders moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his 276-month sentence [D.E. 57]. On June 21, 2013, the government moved to dismiss Sanders's section 2255 motion for failure to state a claim upon which relief can be granted [D.E. 64] and filed a memorandum in support [D.E. 65]. On September 13, 2013, the court granted the government's motion, dismissed Sanders's section 2255 motion, and denied Sanders's motion under 18 U.S.C. § 3582 [D.E. 68]. Sanders appealed. On February 9, 2015, the United States Court of Appeals for the Fourth Circuit dismissed in part and affirmed in part [D.E. 76]. On May 16, 2016, Sanders filed a second pro se section 2255 motion to vacate [D.E. 79]. On June 20, 2016, after receiving authorization from the Fourth Circuit to pursue a claim under Johnson v. United States, 135 S. Ct. 2551 (2015) [D.E. 82], Sanders (through counsel) filed a third section 2255 motion [D.E. 84]. On October 19, 2016, the court stayed the action pending the Supreme Court's decision in Beckles v. United States [D.E. 87]. On May 15, 2017, Sanders filed a pro se supplemental motion seeking a sentence reduction under 18 U.S.C. § 3582 [D.E. 90]. On June 14,

2017, after the Supreme Court decided Beckles v. United States, 137 S. Ct. 886 (2017), the government moved to lift the stay and dismiss Sanders's 2255 motions [D.E. 91], and filed a supporting memorandum [D.E. 92]. As explained below, the court grants the government's motion to lift the stay, dismisses Sanders's section 2255 motions, and denies his section 3582 motion.

I.

On February 20, 2007, Sanders pleaded guilty without a plea agreement to (1) unlawful possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924 (count one), (2) possession with intent to distribute cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) (count two), and (3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (count three). See [D.E. 68] 1. On January 15, 2008, the court sentenced Sanders to 120 months' imprisonment on count one, 216 months' imprisonment on count two (concurrent to count one), and 60 months' imprisonment on count three (consecutive to counts two and three). See id. at 2. Thus, Sanders's total sentence was 276 months' imprisonment. See id. Sanders appealed. On December 18, 2008, the United States Court of Appeals for the Fourth Circuit affirmed Sanders's conviction and sentence. See United States v. Sanders, No. 08-4137, 2008 WL 5599626 (4th Cir. Dec. 19, 2008) (per curiam) (unpublished).

In Sanders's section 2255 motions, Sanders makes three claims: (1) the definition of "crime of violence" in the career offender Guideline is unconstitutionally vague; (2) ineffective assistance of trial and appellate counsel for failing to attack the career offender Guideline as unconstitutionally vague; and, (3) the court improperly calculated Sanders's advisory guideline range under U.S.S.G. § 2K2.1(a)(1) because Sanders did not have two predicate crimes of violence under the Guidelines in light of Johnson v. United States, 135 S. Ct. 2551 (2015). See [D.E. 79, 84]. The government

2

moved to dismiss the motions for failure to state a claim upon which relief can be granted. See [D.E. 91, 92].

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

Sanders may not use section 2255 to challenge his career-offender status under the Guidelines or the calculation of his advisory guideline range under U.S.S.G. § 2K2.1(a)(1). See United States v. Foote, 784 F.3d 931, 939 (4th Cir. 2015) (quotation omitted); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999); see also Whiteside v. United States, 775 F.3d 180, 183–87 (4th Cir.

3

2014) (en banc); United States v. Mikalajunas, 186 F.3d 490, 495–96 (4th Cir. 1999). Thus, these claims fail.

Likewise, Sanders cannot use Johnson retroactively in this section 2255 action to challenge the career-offender Guideline as vague, to challenge his career-offender status under the Guidelines, or to challenge this court's analysis of U.S.S.G. § 2K2.1(a)(1) in calculating his advisory guideline range. See, e.g., Beckles, 137 S. Ct. at 895–97; United States v. Mack, 855 F.3d 581, 584–85 (4th Cir. 2017); United States v. Lee, 855 F.3d 244, 246–47 (4th Cir. 2017). Thus, these claims fail.

As for Sanders's ineffective assistance of counsel claim, "[t]he Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Missouri v. Frye, 566 U.S. 134, 140–41 (2012); Lafler v. Cooper, 566 U.S. 156, 165 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04.

To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Sanders must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984). When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to

4

"eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party can establish prejudice by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694. When a defendant pleads guilty, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see Lee v. United States, 137 S. Ct. 1958, 1967–69 (2017).

As for Sanders's claim that his trial and appellate counsel were ineffective by failing to anticipate Johnson and to challenge his status as a career offender, "an attorney cannot be labeled ineffective for failing to anticipate a future change in the law." Moss v. Ballard, 537 F. App'x 191, 195 (4th Cir. 2013) (unpublished); see United States v. McNamara, 74 F.3d 514, 516–17 (4th Cir. 1996). Moreover, and in any event, such an argument would have failed in light of Beckles, and counsel is not ineffective for failing to raise a meritless argument. See, e.g., Knowles v. Mirzayance, 556 U.S. 111, 126–27 (2009). Thus, Sanders has not plausibly alleged deficient performance, and the court rejects his ineffective assistance of counsel claim.

After reviewing the claims presented in Sanders's motions, the court finds that reasonable jurists would not find the court's treatment of Sanders's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

As for Sanders's section 3582 motion, Sanders again relies on Johnson and attacks his designation as a career offender. See [D.E. 90]. The argument fails. See Beckles, 137 S. Ct. at

5

895–97; Mack, 855 F.3d at 584–85; Lee, 855 F.3d at 246–47; [D.E. 68] 4–5. Thus, the court denies Sanders's section 3582 motion.

II.

In sum, the court GRANTS the government's motion to lift stay [D.E. 91], DENIES Sanders's motions to vacate [D.E. 79, 84], DENIES Sanders's section 3582 motion [D.E. 90], and DENIES a certificate of appealability.

SO ORDERED. This 11 day of January 2018.

JAMES C. DEVER III
Chief United States District Judge