IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 5:06-CR-253-D

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)<br>ZACHARY WILLIAM SANDERS, )<br>)<br>Defendant. ) | **ORDER** |

On May 24, 2019, Zachary William Sanders ("Sanders") moved for relief under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 [D.E. 99]. On March 11, 2020, Sanders supplemented his motion [D.E. 102]. On March 20, 2020, the United States responded in opposition [D.E. 104]. On April 22, 2020, Sanders replied [D.E. 107]. On April 23, 2020, the Probation Officer submitted a memorandum concerning the Presentence Investigation Report ("PSR") [D.E. 108]. On the same date, Sanders objected to the modified PSR [D.E. 110]. On September 16, 2020, Sanders moved to expedite [D.E. 112]. As explained below, the court grants Sanders's motions for reduction of sentence.

On February 20, 2007, Sanders pleaded guilty without a plea agreement to unlawful possession of a firearm by a felon (count one), possession with intent to distribute cocaine base (crack) (count two), and possession of a firearm in furtherance of a drug trafficking crime (count three). See [D.E. 68] 1. On January 15, 2008, the court held Sanders's sentencing hearing. See [D.E. 39, 41]. At the hearing, the court adopted the facts set forth in the PSR and ruled on objections. See Sentencing Tr. [D.E. 43] 5–7; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Sanders's guideline range to be 262 to 327 months' imprisonment. See Sentencing Tr.

at 6–7. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Sanders to 120 months' imprisonment on count one, 216 months' imprisonment on count two (concurrent to count one), and 60 months' imprisonment on count three (consecutive to counts one and two). See [D.E. 68] 2; Sentencing Tr. at 8–19. Thus, Sanders's total sentence was 276 months' imprisonment. See [D.E. 68] 2; Sentencing Tr. at 8–19. Sanders appealed. On December 18, 2008, the United States Court of Appeals for the Fourth Circuit affirmed Sanders's conviction and sentence. See United States v. Sanders, No. 08-4137, 2008 WL 5599626 (4th Cir. Dec. 19, 2008) (per curiam) (unpublished).

On April 17, 2012, Sanders moved for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) [D.E. 55]. On August 13, 2012, Sanders moved under 28 U.S.C. § 2255 to vacate his sentence [D.E. 57]. On February 7, 2013, Sanders filed a second section 2255 motion [D.E. 60]. On September 13, 2013, the court denied Sanders's motions [D.E. 68]. Sanders appealed. On February 9, 2015, the Fourth Circuit affirmed in part the court's order and dismissed in part Sanders's appeal [D.E. 76, 77].

On May 16 and June 20, 2016, Sanders again moved to vacate his sentence under section 2255 [D.E. 79, 82, 84]. On May 15, 2017, Sanders moved for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) [D.E. 90]. On January 11, 2018, the court denied Sanders's motions [D.E. 97]. Sanders did not appeal.

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. No. 111-220, 124 Stat. 2371, 2372 (codified as amended at 21 U.S.C. § 801, et seq.). Section 2 of the Fair Sentencing Act reduced statutory penalties by increasing the drug quantities necessary to trigger certain statutory minimums and maximums. For example, the amount of crack cocaine necessary to trigger a 5 to 40 year sentence increased from 5 to 28 grams. Likewise, the

2

amount of crack cocaine necessary to trigger a 10 year to life sentence increased from 28 grams to 280 grams. See id., § 2, 124 Stat. at 2372.

The First Step Act makes the Fair Sentencing Act's reductions in mandatory minimum sentences apply retroactively to defendants who committed their "covered offense" of conviction before August 3, 2010. See First Step Act § 404(a), 132 Stat. at 5222. Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. Under the First Step Act, a "court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act § 404(b), 132 Stat. at 5222. A court that modifies a sentence under the First Step Act does so under 18 U.S.C. § 3582(c)(1)(B), which allows a court to "modify an imposed term of imprisonment to the extent otherwise permitted by statute." 18 U.S.C. § 3582(c)(1)(B); see United States v. Woodson, 962 F.3d 812, 815–17 (4th Cir. 2020); United States v. Chambers, 956 F.3d 667, 671 (4th Cir. 2020); United States v. Wirsing, 943 F.3d 175, 183 (4th Cir. 2019); United States v. Alexander, 951 F.3d 706, 708 (6th Cir. 2019). If a defendant qualifies, courts may consider a motion for a reduced sentence only if the defendant did not previously receive a reduction pursuant to the Fair Sentencing Act and did not have a motion under the First Step Act denied "after a complete review of the motion on the merits." First Step Act § 404(c), 132 Stat. at 5222.

Under the First Step Act, the district court adjusts the sentencing guideline calculations "as if the current lower drug offense sentences were in effect at the time of the commission of the offense." United States v. Curry, 792 F. App'x 267, 268 (4th Cir. 2020) (per curiam) (unpublished) (quotation omitted); see Chambers, 956 F.3d at 671–72. "Nothing in . . . section [404(c) of the First

3

Step Act]," however, "shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act § 404(c), 132 Stat. at 5222; see, e.g., United States v. Gravatt, 953 F.3d 258, 260 (4th Cir. 2020); Wirsing, 943 F.3d at 184–86; United States v. Barnes, No. 3:94cr80 (DJN), 2020 WL 1281235, at *4 (E.D. Va. Mar. 17, 2020 ) (unpublished); United States v. Latten, No. 1:02CR00011-012, 2019 WL 2550327, at *1–4 (W.D. Va. June 20, 2019) (unpublished).

Sanders's substantive offense in count two under 21 U.S.C. § 841(b)(1)(C) is a "covered offense" under the First Step Act. See Woodson, 962 F.3d 814–17. But see United States v. Birt, 966 F.3d 257, 263–65 (3d Cir. 2020). The government did not have the benefit of Woodson when it submitted its brief. Cf. [D.E. 104]. Nevertheless, Woodson forecloses the government's arguments concerning section 841(b)(1)(C). Accordingly, the court addresses Sanders's motion on the merits.

The court assumes without deciding that Sanders's new advisory guideline range is 46 to 57 months' imprisonment on counts one and two based on a total offense level 17 and a criminal history category V, and 60 months' consecutive imprisonment on count three. See PSR ¶¶ 13, 16, 32–41.[1]

---

[1] Sanders's felony conviction for possession with intent to manufacture, sell, and deliver cocaine is no longer a predicate offense for career-offender purposes. See United States v. Simmons, 649 F.3d 237, 249 (4th Cir. 2011) (en banc); PSR ¶ 13. The court must consider Simmon's holding when recalculating Sanders's advisory guideline range. See Chambers, 956 F.3d at 672–73. Accordingly, Sanders does not have two predicate offenses for career-offender purposes. See U.S.S.G. § 4B1.1(a); PSR ¶¶ 8–16. Therefore, Sanders is not a career offender under section 4B1.1(a).

Sanders also argues that his felony conviction for conspiracy to commit assault with a deadly weapon with intent to inflict serious injury is not a predicate offense for career-offender purposes. See [D.E. 102] 2; PSR ¶ 16. The court declines to reach this issue. Cf. United States v. Johnson, No. 7:04-CR-128-1, 2020 WL 2563541, at *5 (W.D. Va. May 20, 2020) (unpublished).

The base offense level for an offense under 18 U.S.C. § 922(g)(1) is calculated pursuant to U.S.S.G. § 2K2.1. Cf. PSR ¶ 32. Under section 2K2.1(a)(4), the base offense level is 20 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(4). When this court sentenced Sanders, his conviction for conspiracy to commit assault with a deadly weapon with

The court has completely reviewed the entire record, the parties' arguments, the new advisory guideline range, and all relevant factors under 18 U.S.C. § 3553(a). See Chavez-Mesa v. United States, 138 S. Ct. 1959, 1966–68 (2018); Chambers, 956 F.3d at 671–75; United States v. May, 783 F. App'x 309, 310 (4th Cir. 2019) (per curiam) (unpublished). As for his offense conduct, Sanders engaged in serious criminal behavior. After law enforcement officers pulled over a vehicle in which Sanders was riding, Sanders fled on foot with a loaded stolen handgun. Officers apprehended Sanders after a short chase. Officers recovered the loaded stolen handgun that Sanders discarded during the chase, 25 individually-packaged rocks of crack cocaine (2.4 grams), and 4 bags of marijuana (7.6 grams). Sanders also admitted to law enforcement officers that he was a member of the Bloods gang. See PSR ¶¶ 5–6. Sanders is a recidivist with convictions for assault on a female, simple assault (two counts), breaking or entering, second degree trespass (two counts), possess with intent to manufacture, sell, and deliver cocaine, and conspiracy to commit assault with a deadly weapon with intent to inflict serious injury. See PSR ¶¶ 8–16. Additionally, Sanders has performed poorly on supervision. See id. at ¶¶ 9, 13.

Sanders has taken many positive steps while incarcerated over the past fourteen years and is much more mature than he was when he committed his crimes of conviction. See [D.E. 102, 107]; cf. Pepper v. United States, 562 U.S. 476, 491 (2011); Chambers, 956 F.3d at 671–75. Although Sanders possessed a loaded firearm, Sanders's criminal conduct involved a small amount of drugs. Sanders also has a viable release plan. See [D.E. 102, 107]. Accordingly, having considered the

---

intent to inflict serious injury was a crime of violence for career-offender purposes. See U.S.S.G. § 4B1.2(a). Accordingly, Sanders's base offense level is 20. See U.S.S.G. § 2K2.1(a)(4); PSR ¶ 16. Sanders receives a three-level reduction for acceptance of responsibility. See PSR ¶ 40. His total offense level becomes 17. His criminal history category is V. See PSR ¶¶ 8–19. Thus, Sanders's new guideline range for counts one and two is 46 to 57 months' imprisonment. His guideline range on count three remains 60 months' consecutive imprisonment.

5

entire record, the new advisory guideline range, the parties' arguments, and the section 3553(a) factors, the court reduces Sanders's prison sentence to time served. See, e.g., Chavez-Mesa, 138 S. Ct. at 1966–68; Chambers, 956 F.3d at 671–75; Barnes, 2020 WL 1281235, at *4; Latten, 2019 WL 2550327, at *1–4; 18 U.S.C. § 3553(a). All other aspects of the judgment remain the same.

In reaching this decision, the court has considered the entire record, the new advisory guideline range, the parties' arguments, and the section 3553(a) factors. However, even if the court miscalculated the new advisory guideline range, it would impose the same reduced sentence in light of the entire record and the section 3553(a) factors. See 18 U.S.C. § 3553(a); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012).

In sum, the court GRANTS Sanders's motions for a reduction of sentence [D.E. 99, 102] and REDUCES his prison sentence to time served. All other aspects of the judgment remain the same. The court DENIES as moot Sanders's motion to expedite [D.E. 112].

SO ORDERED. This 18 day of September 2020.

JAMES C. DEVER III
United States District Judge